UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

MAKO PRODUCTS, INC.,

Debtor.

Case No.: 3:12-bk-06572-JAF

Chapter 7

_____/

**ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE
BANKRUPTCY CODE APPROVING THE SALE OF CERTAIN
OF THE DEBTOR'S ASSETS AT THE COURT CONDUCTED AUCTION**

This matter is before the Court on (1) the Motion to Prevent the Sale of Evidence and for a Temporary Injunction (Doc. 18) (the "Motion to Prevent Sale"), as filed by Creditor, David Grober ("Grober") on April 15, 2013, (2) the Motion of Gregory L. Atwater, Chapter 7 Trustee (the "Trustee") of the above-captioned debtor (the "Debtor") dated April 19, 2013 (the "Motion to Set Auction") for an order setting an auction of certain property described in the Notice of Intent to Sell Property of the Estate at Private Sale (Doc. 16) (the "Sale Notice"), for Wednesday, May 8, 2013 at 1:30 p.m., authorizing the Trustee, on an emergency basis, to sell certain Assets[1] of the bankruptcy estate at an auction immediately after the hearing on the Motion to Prevent Sale, and (3) the Motion to Continue/Reschedule Hearing on Motion to Prevent Sale (Doc. 25) (the "Motion to Continue"), as filed by Grober on April 30, 2013.

The Court held a hearing on the Motion to Prevent Sale, Motion to Set Auction, and Motion to Continue (collectively, the "Motions") on Wednesday, May 8, 2013 (the "Hearing"). Appearing telephonically at the Hearing were Robert Lauson on behalf of Creditor, Voice

---

[1] Capitalized terms used but not specifically defined herein shall have the respective meanings ascribed to them in the Sale Notice and Motion to Set Auction.

{26379474;3}

International, Inc. ("Voice International") and Grober[2]. Appearing in person at the Hearing were the Trustee and his Counsel and the purchaser under the Sale Notice and its counsel.

Upon review of the Motions, the Trustee's responses, the arguments of Grober and counsel for other interested parties at the Hearing, and based on the results of the Court-conducted auction and the Court's oral findings and rulings on the record at the Hearing, the Court makes the following findings of fact and conclusions of law and enters the following order (the "Sale Order"):

1. On March 25, 2013, the Trustee filed the Sale Notice under which a sale of the Assets for $15,000 to Jordan Klein, Sr., Jordan Klein, Jr., John Dann, and their assigns (collectively, the "Purchaser") was noticed to parties in interest in the Bankruptcy Case. Attached to the Sale Notice was (1) the Debtor's Schedule B of its voluntary Petition and supplemental equipment and accounts receivable list, attached thereto as Composite Exhibit A, (2) a form of Trustee's Bill of Sale for the sale of the Assets to the Purchaser, attached thereto as Exhibit B, and (3) the Status Conference Order in the case styled, *David Grober, et al. v. Mako Products, Inc., et al.*, Case No. 2:04-CV-8604-JZ, pending in the United States District Court for the Central District of California, Riverside Division, attached thereto as Exhibit C.

2. The Sale Notice outlined the procedure for submission of bids in excess of the $15,000 offered by the Purchaser.

3. On April 10, 2013, Grober submitted a $16,000 bid offer to the Trustee for the Assets under the Sale Notice. A true and correct copy of Grober's offer letter was attached to the Trustee's Response to Motion to Prevent Sale as Exhibit C. By submitting his bid, Grober joined

---

[2] Grober and Voice International are affiliated with each other.

in the process outlined in the Sale Notice and thereby consented to the terms and conditions set forth in the Sale Notice.

4. On April 15, 2013, Grober filed his Motion to Prevent Sale.

5. On April 19, 2013, the Trustee filed his Response to Motion to Prevent the Sale of Evidence (Doc. 21).

6. On April 19, 2013, the Trustee filed his Motion to Set Auction.

7. On April 30, 2013, Grober filed his Motion to Continue.

8. On May 1, 2013, the Trustee filed his Response in Opposition to Creditors Motion for Continuance of the Preliminary Hearing Regarding the Asset Sale (Doc. 29).

9. The Sale Notice was proposed, negotiated and entered into by the Trustee and Purchaser in good faith, from arms'-length bargaining positions and without fraud or collusion.

10. After hearing argument at the Hearing, the Court conducted an auction of the Assets in open Court. This auction was specifically contemplated in the Sale Notice. Grober and Voice International were given advanced notice by the Trustee that the Trustee would seek to have the Court conduct an auction at the Hearing.

11. Neither the Trustee, the Debtor, nor the Purchaser engaged in any conduct that would prevent the application of section 363(m) of the Bankruptcy Code or would allow for the application of section 363(n) of the Bankruptcy Code. Therefore, the Court finds that the Purchaser is still a good faith purchaser under section 363(m) of the Bankruptcy Code and, as such, is entitled to the protections afforded thereby.

12. The Purchaser, under the terms of the Sale Notice, increased its bid to $20,000 (the "Purchase Price") in open court for the purchase of the Assets.

13. Neither Grober nor Voice International submitted bids in the Court-conducted auction during the Hearing.

14. The $20,000 Purchase Price to be paid by the Purchaser was the highest and best offer for the purchase of the Assets.

15. All proceeds of the Purchase Price, shall (1) become property of the Estate, and (2) be distributed as provided for in the Bankruptcy Code and as allowed by the Court.

In accordance with the foregoing and the Court's oral rulings on the record at the Hearing, it is hereby **ORDERED, ADJUDGED AND DECREED THAT:**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Notice of the Sale Notice, the Motions, and the Hearing was sufficient under the circumstances and no other or further notice was required or need be given.

4. The Motion to Prevent Sale and Motion to Continue are denied.

5. Based on the relief granted in this Sale Order and the Court having conducted an auction in open court, the Motion to Set Auction is denied as moot.

6. The Purchaser shall pay the $20,000 Purchase Price in lump sum to the Trustee within ten (10) days of the date of this Sale Order.

7. Upon receipt of the Purchase Price, the Trustee is authorized to execute a Bill of Sale in the form substantially similar to the Bill of Sale attached as Exhibit B to the Sale Notice, and deliver the executed Bill of Sale to the Purchaser. The Trustee shall file a copy of the fully executed Bill of Sale with the Court.

8. The sale of the Assets pursuant to the Sale Notice and each of its terms and conditions are hereby approved in their entirety pursuant to section 363(b) of the Bankruptcy Code, and the Trustee and Purchaser are hereby authorized and directed to take all actions necessary to consummate the Sale Notice on the terms set forth therein.

9. The Purchaser is acquiring the Assets "as is, where is" with no warranties of any kind, express, implied, or otherwise, and subject to the terms and conditions of the Order attached to the Sale Notice as Exhibit C and other orders and rulings to date in the case styled *David Grober, et al. v. Mako Products, Inc., et al.*, Case No. 2:04-CV-8604-JZ, pending in the United States District Court for the Central District of California, Riverside Division.

10. Except as specifically provided in the Sale Notice, Purchaser shall not assume or become liable directly, indirectly, contingently or otherwise for the payment of any debts, liabilities, losses, accounts payable, indebtedness, mortgages, taxes or other obligations of the Debtor of any nature whatsoever, whether related to the Assets or otherwise and such other liabilities, whether the same are known or unknown, now existing or hereafter arising, of whatever nature or character, whether absolute or contingent, liquidated or disputed.

11. The Purchaser is a purchaser in good faith of the Assets and is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code.

12. The terms and provisions of the Sale Notice, together with any terms and provisions of this Sale Order, shall be binding in all respects upon, and shall inure to the benefit of the Trustee, the Debtor, its estate and creditors, the Purchaser, and its successors and assigns, and any affected third-parties, including but not limited to any taxing authority asserting liens against any of the Assets to be sold to the Purchaser pursuant to the Sale Notice.

13. The Sale Notice and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto in accordance with their terms without further order of this Court, provided that any such modification, amendment or supplement is not material.

14. The failure to specifically include any particular provision of the Sale Notice in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Sale Notice be authorized and approved in its entirety.

15. This Court retains jurisdiction to (i) implement and enforce the terms and provisions of this Sale Order and the Sale Notice, all amendments thereto, any waivers and consents thereunder, and each of the agreements, if any, executed in connection therewith, including, without limitation, any disputes relating thereto, and (ii) to determine any disputes relating to or concerning the receipt, use, application or retention of the proceeds from the sale of the Assets.

DATED: This 15 day of May, 2013, in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Attorney Jacob A. Brown is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.